UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph E. Macon;                           ) | C/A No. 6:05-3330-HFF-BHH |
|                       Plaintiff;           ) | |
| vs.                                        ) | **Report and Recommendation** |
| State of South Carolina; Department of Public Safety; ) | |
| and Division of Motor Vehicles;            ) | |
|                       Defendants.          ) | |

Pursuant to the provisions of Title 28 United States Code §636(b)(1)(B), and Local Rule 73.02(B)(2)(b) and (e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases wherein a plaintiff is proceeding *pro se* and seeks leave of this Court to proceed *in forma pauperis*.

## **BACKGROUND**

The Plaintiff, Joseph E. Macon (hereafter, the "Plaintiff"), brings this action *pro se* against the State of South Carolina, the South Carolina Department of Public Safety and its Division of Motor Vehicles (DMV). It appears that Plaintiff seeks to vindicate civil rights under 42 U.S.C. § 1983. His Complaint alleges the following:

> Treating Blacks differn [sic] and taking advantage of the disability.
> Not giving equal protection under the law. My driving record clear.
> My [sic] instated untail [sic] this case is heard and damages. My
> driver license instated until this case is setted [sic] in Court.

[1-1, pp. 4-5.]

The State of South Carolina, together with agencies of South Carolina state government such as the Department of Public Safety and DMV, is immune from suit under the Eleventh Amendment to the United States Constitution. Most often the issue of Eleventh Amendment immunity arises when a Congressional statute attempts to broaden

1

federal court's jurisdiction over the states. Cases which re-affirm this immunity are almost too numerous to cite, but a sample would include: <u>Kimel v. Florida Board of Regents</u>, 528 U.S. 62 (2000); <u>Alden v. Maine</u>, 527 U.S. 706 (1999); <u>College Savings Bank v. Florida Prepaid Education Expense Board</u>, 527 U.S. 666 (1999); <u>College Savings Bank v. Florida Prepaid Education Expense Board</u>, 527 U.S. 627 (1999); <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44 (1996); <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989); <u>Blatchford v. Native Village of Noatak</u>, 501 U.S. 775 (1991); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978); and ultimately, <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890). The Complaint should be summarily dismissed.

## **RECOMMENDATION**

It is recommended that this action be dismissed without prejudice and without issuance or service of process on the Defendants. Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

S/Bruce H. Hendricks
United States Magistrate Judge

December 2, 2005
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**