

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JOSEPH E. MACON,  §  <br> Plaintiff,  §  <br> §  <br> vs.  §  <br> §  <br> STATE OF SOUTH CAROLINA;  §  <br> DEPARTMENT OF PUBLIC SAFETY, and  §  <br> DIVISION OF MOTOR VEHICLES,  §  <br> Defendants.  §  | CIVIL ACTION NO. 6:05-3330-HFF-BHH |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DISMISSING THE ACTION *WITHOUT PREJUDICE* AND WITHOUT ISSUANCE OR SERVICE OF PROCESS

This case appears to be a Section 1983 action. Plaintiff is proceeding *pro se*. The matter is before the Court for review of the report and recommendation (Report) of the United States Magistrate Judge in which she suggests that this action be dismissed *without prejudice* and without issuance or service of process. The Report is made in accordance with 28 U.S.C. § 636 and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 2, 2005, and Plaintiff filed his one-page objection memorandum on December 8, 2005.

In his first objection, Plaintiff asserts that, "The report and recommendation by [J]udge Bruce [H]owe [H]endricks is with a conflict of interest and very much prejudice[d] because I [have filed] a complaint with the [J]ustice [D]epartment against this judge and [J]udge Floyd so anything from them will be a conflict of interest." [Objections at 1.] The Court construes this contention as a motion for recusal. Although not altogether clear, since Plaintiff has not filed an affidavit as required by 28 U.S.C. § 144, the Court will assume that the request is made under 28 U.S.C. § 455.

"Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In determining whether a judge's impartiality might reasonably be questioned, the Fourth Circuit applies an objective test. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). "The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

Of course, the statute

> does not require a judge to recuse himself because of unsupported, irrational, or highly tenuous speculation. To disqualify oneself in such circumstances would be to set the price of maintaining the purity of appearance too high-it would allow litigants to exercise a negative veto over the assignment of judges. Congress never intended the disqualification statute to yield this result.

*United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (internal citations and quotation marks omitted). Rather, the judge must merely ask "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Cherry*, 330 F.3d at 665

(quotation marks and citation omitted).  Having carefully considered the facts presented here, the Court answers this query in the negative.

As a preliminary matter, the Court notes that it is unaware of any complaint having been filed against it by Plaintiff.  The Court is informed that the Judge Hendricks is also unaware of any such complaint.  Therefore, but for Plaintiff's bald statement that he has filed these complaints, there is no competent evidence in the record to support the assertion.[1]

For the Court to recuse itself from this case on the basis of Plaintiff's one statement, without more, would serve no purpose, except, perhaps, to allow a litigant to manipulate the system such that he receives another hearing from another judge.[2]  More importantly, though, and as already observed, the Court is of the firm opinion that no reasonable person with knowledge of all of the circumstances might reasonably question the Court's impartiality in the disposition of this case.  Accordingly the Court will overrule this objection.

The Court has reviewed Plaintiff's remaining three objections and finds them to be without merit, too.  Simply stated, Plaintiff's mere allegations, without more, are insufficient to halt dismissal of this action.  Therefore, the Court will also overrule these objections.

---

[1] Even if such evidence was in the record, however, the Court is not altogether persuaded that the filing of such complaint, without more, would require it to recuse itself.  If that were true, then the litigant who is assigned to a judge that he does not desire could file a complaint against that judge, and any subsequent judge that he does not want, until his case is assigned to the judge that he prefers.  This could not possibly be the intent of Congress when it enacted the recusal statute.

[2] In fact, however, although not a part of the Court's decision-making process, the Court is convinced that 1) the applicable law demands dismissal of this action and 2) dismissal is not a matter about which another jurist would disagree.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that this action be **DISMISSED** *without prejudice* and without issuance or service of process.

**IT IS SO ORDERED**.

Signed this 29th day of December, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.